

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24285201**
**Date Processed: 01/05/2022**

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>350 Camino de La Reina<br>Ste 100<br>San Diego, CA 92108-3007 |
| **Electronic copy provided to:** | Krista Yerby |
| **Entity:** | Midland Credit Management, Inc<br>Entity ID Number  1682419 |
| **Entity Served:** | Midland Credit Management Inc |
| **Title of Action:** | Demarr Starr vs. Midland Credit Management, Inc. |
| **Matter Name/ID:** | Demarr Starr vs. Midland Credit Management, Inc. (11886047) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Allegheny County Court of Common Pleas, PA |
| **Case/Reference No:** | AR-21-005499 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 01/04/2022 |
| **Answer or Appearance Due:** | 02/28/2022 |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Law Offices Of Eugene D. Frank, P.C.<br>412-366-4276 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 12/22/2021

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

03/22/2022

Michael McGeever, Director

Department of Court Records

**HEARING INFORMATION**

Hearing Date: **02/28/2022**

Hearing Time: **9:00**

Judge: **Arbitration Panel**

Address: **Court Room 2, 7th floor**

City-County Building Pittsburgh, PA 15219

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Plaintiff(s)

**Starr, Demarr**

Case Number:
**AR-21-005499**

Type of pleading:
**Complaint**

Filed on behalf of:
**Starr Demarr**

**Frank D Eugene**
(Name of filing party)

VS

Defendant(s)

**Midland Credit Management Inc.,**

[X] Counsel of Record

[ ] Individual, If Pro Se

Name, Address and Telephone Number:
**Frank D Eugene**

412 3664276

Attorney's State ID: 89862

**Michael McGeever, Director, Department of Court Records**

# IN THE COURT OF COMMON PLEAS
# OF ALLEGHENY COUNTY, PENNSYLVANIA

Demarr Starr,

              Plaintiff,

vs.

Midland Credit Management, Inc.,

              Defendant.

NO: AR-21-

TYPE OF PLEADING:

**Complaint**

FILED ON BEHALF OF:
**Demarr Starr, Plaintiff**

COUNSEL OF RECORD:
**Eugene D. Frank, Esquire**
**PA ID # 89862**

**3202 McKnight East Drive**
**Pittsburgh, PA 15237**
**(412) 366-4276 (office)**
**(412) 366-4305 (fax)**
efrank@edf-law.com

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Demarr Starr,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No. AR-21- |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. If you cannot afford a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

## HEARING NOTICE

YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor, City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219 on _____, _____ at 9:00 A.M. **If you fail to file the response described in the Notice to Defend, a judgment for the amount claimed in the Complaint may be entered against you before the hearing.**
**DUTY TO APPEAR AT ARBITRATION HEARING**

If one or more of the parties is not present at the hearing, the matter may be heard <u>at the same time and date</u> before a judge of the court without the absent party or parties. <u>There is no right to a trial de novo on appeal from a decision entered by a judge</u>.

**NOTICE:** You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you <u>before the hearing</u>.

**If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is <u>no right to a trial de novo on appeal from a decision entered by a judge</u>.**

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Demarr Starr,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No. AR-21- |

## COMPLAINT

**AND NOW,** comes the Plaintiff, Demarr Starr, by and through her undersigned counsel, and files this Complaint, and in support thereof avers as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court arises out of, but not limited to, the Defendant's violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and/or unfair practices.

2. At all relevant times herein, Defendant, Midland Credit Management, Inc. (the "Defendant"), was engaged in the collection of delinquent consumer debts within the Commonwealth of Pennsylvania and venue is proper in Allegheny County, Pennsylvania pursuant to Pa. R.C.P. No. 2179(a)(2) and/or 2179(a)(3).

### Parties

3. At all times mentioned herein, Plaintiff, Demarr Starr (the "Plaintiff"), is a natural person and a citizen of the Commonwealth of Pennsylvania, County of Allegheny.

4. At all relevant times herein, Plaintiff was allegedly obligated to pay a defaulted debt as specifically set forth herein and Plaintiff is a "consumer" as defined in the FDCPA.

5. Defendant is a corporation established in the State of Kansas with a business address located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

6. Defendant conducts business and/or attempts to collect delinquent consumer debts throughout the Commonwealth of Pennsylvania, including the County of Allegheny.

7. Defendant's principal purpose is the collection of delinquent debts.

8. Defendant is a servicer of Midland Funding LLC ("MF") consumer accounts and regularly attempts to collect related delinquent consumer debts for MF via phone calls to consumers and collection letters to consumers amongst other collection tactics.

9. Defendant also purchases delinquent consumer debts with the sole purpose of attempting to collect on those debts by way of dunning collection letters sent to the consumers, collection telephone calls made to the consumers or third parties in an attempt to locate said consumers, filing collection lawsuits against consumers in various courts of law, and/or by reporting the delinquent debts to the credit bureaus.

10. Defendant and MF are affiliated companies sharing common owners, officers, members, managers, attorneys, and/or employees as well as addresses, phone numbers, consumer files, and/or databases.

11. Defendant and MF operate with one another and share information in their efforts to purchase and collect on delinquent consumer debts.

12. Defendant does not issue credit and/or charge accounts or otherwise extend credit to consumers.

13. At all times mentioned herein, Defendant directed, retained, and/or authorized Law Offices of Hayt, Hayt & Landau, LLC ("HHL") to act as its agent or attorneys in the attempt to collect the relevant consumer debts as set forth herein and communicated thereafter with HHL including, but not limited to, any outcome of collection activity related to legal action taken by HHL against Plaintiff.

14. Defendant is a "debt collector" as defined in the FDCPA and, at all times relevant herein, acted by and/or through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, affiants, attorneys, affiliates and/or workmen.

15. Defendant is *vicariously* liable for the actions of any agents or attorneys assigned and/or hired to collect the relevant debt.

16. Defendant regularly engages in collecting delinquent consumer debts and regularly uses the mails and/or the telephone in an attempt to collect, directly or indirectly, delinquent consumer debts allegedly owed or due.

### Factual Allegations

17. At all relevant times herein, the related delinquent and disputed consumer debt was a Synchrony Bank account with an alleged balance incurred by Plaintiff in the amount of $1,205.47 (the "Debt").

18. At all relevant times herein, the Debt was a consumer debt as defined in the FDCPA.

19. Specifically, the Debt was incurred based on purchases related to and/or used primarily for personal, family and/or household purposes, including, but not limited to, personal necessities and personal retail purchases.

20. No part of the Debt was related to business transactions.

21. At all relevant times, Plaintiff was without any knowledge of Defendant's ownership rights in the Debt and, therefore, disputed Defendant's rights in the Debt.

22. Defendant does not issue credit and/or charge accounts or otherwise extend credit to consumers.

23. Credit reporting has been deemed an attempt to collect a delinquent consumer debt.

24. Upon information and belief, Defendant reports to the credit bureaus thousands of delinquent accounts that it allegedly purchased in its attempts to collect delinquent consumer debts nationwide.

25. None of the consumers' debts are current or in good standing when allegedly purchased by Defendant. Therefore, the only purpose of Defendant's credit reporting of such debts is to place derogatory marks on credit reports to collect the same.

26. On or about March 3, 2021, Defendant via HHL commenced legal action against Plaintiff in Magisterial District Court 05-2-06 at Case Number CV-0000113-2021 in an attempt to collect the Debt (the "Lawsuit"). All pleadings and/or other documents filed within the Lawsuit are incorporated herein by reference.

27. Thereafter, Plaintiff decided to retain an attorney and incurred a cost (i.e., loss of money) to dispute the Debt and defend against the Lawsuit. Plaintiff asserted that she did not owe Defendant any amount of money for the alleged claims made in Lawsuit.

28. On July 8, 2021, a hearing on the merits was conducted in the Lawsuit which resulted in the Honorable Anthony L. DeLuca entering a judgment in favor of Plaintiff (the "Judgment").

29. Thereafter, Defendant elected not to timely appeal the Judgment rendering the Judgment final on August 9, 2021.

30. The Judgment was a judicial determination that Plaintiff did not owe Defendant any amount for the Debt whether by written agreement or otherwise and extinguished any claims Defendant may have had against Plaintiff for said debt, if any as of August 10, 2021.

31. Defendant had been reporting the Debt to the credit bureaus.

32. Despite the Judgment being entered in Plaintiff's favor on a final basis and it being judicially determined that Plaintiff does not owe the Debt to Defendant, Defendant continued to furnish/report the Debt as owed by Plaintiff to the credit bureaus after August 9, 2021 in violation of the FDCPA.

## Causes of Action

### Count I
### Violations of the FDCPA
### 15 U.S.C. § 1692, *et seq.*

33. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

34. The FDCPA is an explicitly remedial statute and courts construe its language broadly, so as to affect its purpose.

35. There is abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, marital instability and invasions of individual privacy.

36. The FDCPA was enacted, in part, due to existing laws and/or procedures being inadequate for redressing the types of injuries as set forth herein.

37. Defendant knew or should have known that its actions violated the FDCPA.

38. Defendant is subject to strict liability for its actions in attempting to collect the Debts as set forth herein.

39. Defendant could have taken steps necessary to bring its actions within FDCPA compliance, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

40. Because the list is non-exhaustive, a debt collection practice can be deemed a false, deceptive, materially misleading, or unfair practice even if it does not fall within any of the subsections of Section 1692e and/or 1692f of the FDCPA.

41. Defendant's decision(s) to continue reporting the Debt to the credit bureaus after it was judicially determined on a final basis that Plaintiff did not owe the Debt to Defendant is a violation of Plaintiff's rights.

42. The conduct of Defendant, its agents, servants, representatives, managers, attorneys and/or employees, as described herein was misleading, deceptive, abusive, and/or unfair collection practices in violation(s) of the FDCPA's deceptive collection practices at 15 U.S.C. § 1692e and/or unfair collection practices at 15 U.S.C. § 1692f.

43. As a result of Defendant's violation(s) of the FDCPA and a deprivation of Plaintiff's rights, Plaintiff is entitled to actual damages, statutory damages and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands that this Court enter a judgment against Defendant not in excess of the arbitration limits for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Attorneys' fees, litigation expenses and costs of suit;

(d) Such other and further relief that this Court deems just and proper.

*Plaintiff, Demarr Starr, demands a trial by jury if removed or appealed as to all issues so triable.*

Respectfully submitted,

**Law Offices of Eugene D. Frank, P.C.**

By: */s/ Eugene D. Frank*

Eugene D. Frank, Esquire
PA ID No. 89862
3202 McKnight East Drive
Pittsburgh, PA 15237
(412) 366-4276 - office
(412) 366-4305 – fax
efrank@edf-law.com

IN THE COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| Demarr Starr,<br><br>Plaintiff,<br><br>vs.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | Case No. AR-21- |

## VERIFICATION

I, Demarr Starr, verify that the averments of fact contained in the foregoing *Complaint* are true and correct to the best of my knowledge and belief. I understand that these averments of fact are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: 12/22/2021

BY: */s/ Demarr Starr*
Demarr Starr
**E-signed with Permission**

**CERTIFIED MAIL**

Law Offices of Eugene D. Frank, P.C.
3202 McKnight East Drive
Pittsburgh PA 15237

7020 1290 0001 2041 0407





1000    66614

U.S. POSTAGE PAID
FCM LETTER
PITTSBURGH, PA
15237
DEC 28, 21
AMOUNT
**$8.08**
R2304M115345-03

RETURN RECEIPT REQUESTED

Midland Credit Management, Inc.
c/o Corporation Service Company
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614

66614-418854